UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

LUXE SPACES, LLC                                    CASE NO. 23-10042
    DEBTOR                                        CHAPTER 11
                                                     SUBCHAPTER V

LUXE SPACES, LLC
    PLAINTIFF

VERSUS                                                   ADVERSARY NO. 23-1008

QUICK FUNDING, LLC
PANTHERS CAPITAL, LLC
    DEFENDANTS

**MEMORANDUM OPINION**

In its complaint, Luxe Spaces, LLC ("Luxe") seeks to avoid alleged preferential transfers made to Quick Funding Group LLC ("Quick Funding") pursuant to 11 U.S.C. § 547. Alternatively, Luxe alleges these transfers may be revoked or annulled under the Louisiana revocatory action (La. C.C. art. 2036), available to it here through 11 U.S.C. § 544(b). Under either theory, Luxe seeks to recover those transfers from Quick Funding pursuant to 11 U.S.C. § 550 and from Panthers Capital, LLC ("Panthers") separately under a "single business enterprise" theory. Luxe also seeks to disallow Proof of Claim 30 of Quick Funding under 11 U.S.C. § 502(d).

Panthers seeks dismissal pursuant to F.R.C.P. 12(b)(1) and (6), made applicable by F.R.B.P. 7012 (collectively "Motion to Dismiss"), for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Luxe opposed the Motion to Dismiss,

which came before the court on August 30, 2023. After the hearing, the court took the matter under advisement. The court now renders its ruling.

## Dismissal under F.R.C.P. 12(b)(1)

Panthers seeks dismissal under F.R.C.P. 12(b)(1) on two separate grounds, standing and lack of related to jurisdiction.

### *Standing and Injury*

First, Panthers argues Luxe lacks constitutional standing to seek a declaratory judgment against it, reasoning that Luxe cannot point to any injury alleged in the complaint caused by Panthers rather than Quick Funding. It contends that declaratory relief must be accompanied by a continuing or threatened future injury to confer standing to sue. To further support this argument, Panthers points to the fact that it received no transfers from Luxe, is not a creditor of this estate, and the only claim against it is based on a state law "single business enterprise" theory. The fact that it received no transfers from Luxe and that it is not a creditor of this estate is not in dispute.

Luxe relies on the underlying preferential transfers to supply the requisite injuries warranting going forward with this lawsuit. The declaratory relief, in Luxe's view, serves not as an additional cause of action but rather as a potential means to increase the likelihood of collecting money for the clear benefit of the estate. This court agrees with Luxe on this point: the injuries are the alleged transfers. The declaratory relief sought, if successful, simply means that the injuries were in fact caused by the single business enterprise, not just Quick Funding. In this court's view, you cannot parse the two on a Rule 12 motion to defeat subject matter jurisdiction as Panthers tries to do.

### *"Related to" Jurisdiction*

Second, Panthers claims the court lacks subject matter jurisdiction over the "single business enterprise" count. As always with subject matter jurisdiction, the court must begin with 28 U.S.C. § 1334(b). The civil proceeding must at a minimum be "related to [a] case[ ] under title 11."[1] The "related to" test for federal jurisdiction is not a terribly difficult hurdle to overcome, merely requiring a finding that the proceeding could *conceivably* have any effect on the estate.[2] In this case, the court must determine whether the outcome of the "single business enterprise" litigation against Panthers could have any conceivable effect on the bankruptcy estate.

The Fifth Circuit has held that "related to" jurisdiction may exist if the outcome of the litigation could alter the options and resources available to the estate.[3] Certainly collection options for any money judgment involving avoidance action recoveries would easily satisfy the conceivable effect standard for "related to" jurisdiction. As a result, this court has subject matter jurisdiction.

The court's ruling on subject matter jurisdiction is further supported by 28 U.S.C. § 157, which allows district court judges to refer bankruptcy matters and matters "related to" the bankruptcy to bankruptcy judges[4] and allows bankruptcy judges to hear "core proceedings."[5]

---

[1] 28 U.S.C. § 1334(b).

[2] *See, e.g,, Arnold v. Garlock, Inc.*, 278 F.3d. 426, 434 (5th Cir. 2001).

[3] *Bissonnet Investments LLC v. Quinlan (In re Bissonnet Investments LLC),* 320 F.3d 520, 525 (5th Cir. 2003).

[4] 28 U.S.C. § 157(a).

[5] 28 U.S.C. § 157(b)(1).

Under section 157(b)(2)(F), "proceedings to determine, avoid, or recover preferences" are "core" proceedings. Indeed, few things are more core in nature than preferences, which do not exist outside of bankruptcy. However, this is not a simple preference action, at least against Panthers. Luxe has made no allegations in its complaint that it had a contract with or transferred any funds to Panthers. In addition, Panthers is not a creditor of Plaintiff and has not submitted to this court's jurisdiction by filing a proof of claim.

Instead, Luxe seeks to recover from Panthers for transfers made to Quick Funding under a state law "single business enterprise" theory.[6] In *Radford v. Red Jacket Firearms, L.L.C.,*[7] the district court for the Middle District of Louisiana held, "[T]hrough an alter ego or single-business enterprise theory, plaintiffs can seek to recover any damages from the assets of other companies that are deemed to be an alter ego or form part of a single business enterprise with the at-fault corporation."[8] In *W. Oil & Gas JV, Inc. v. Castlerock Oil Co.,*[9] the Fifth Circuit found, "Like alter ego, the single business enterprise doctrine is an equitable remedy and not a cause of action. Absent a cognizable cause of action this remedy is unavailable."[10] Here, the cause of action is based on alleged preferential transfers and/or transfers potentially annulled under the

---

[6] *See re Schimmelpenninck v. Byrne (In re Schimmelpenninck)*, 183 F.3d 347 (5th Cir. 1999); *Zahra Spiritual Trust v. U.S.*, 910 F.2d 240 (5th Cir. 1990); *Han v. Coutts (In re Coutts)*, No. 21-40528, 2022 WL 3367711 (Bankr. E.D. Tex. July 1, 2022) (finding that alter ego and single business enterprise theory must be decided under state law).

[7] *Radford v. Red Jacket Firearms, L.L.C.,* No. CIV.A. 11-561-JJB, 2013 WL 5200469 (M.D. La. Sept. 13, 2013) (citing *Green v. Champion Ins. Co.,* 577 So. 2d 249, 259 (La. Ct. App. 1st Cir.1991), *writ denied*, 580 So. 2d 668 (La. 1991).

[8] *Radford,* 2013 WL 5200469, at *12.

[9] *W. Oil & Gas JV, Inc. v. Castlerock Oil Co.,* 91 F. App'x 901 (5th Cir. 2003).

[10] *W. Oil & Gas JV, Inc,* 91 F. App'x at 904 (citing *Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 594 (5th Cir. 1999)).

Louisiana Civil Code revocatory action articles. Stated another way, the transfers have allegedly reduced the funds available to the estate to pay creditors (the injury), and this proceeding against Panthers, at a minimum, increases the options available to the estate to restore the value lost.

Essentially, "single business enterprise" is a state law theory of recovery that would allow Luxe to recover or collect from Panthers <u>if</u> it first succeeds in its avoidance action. It arises only under state law and would augment the bankruptcy estate but cannot be resolved in the claims allowance process because Panthers is not a creditor of this estate.[11] As a result, the case against Panthers is "non-core" under 28 U.S.C. § 157(b). But that does not mean this court cannot adjudicate the matter.

In *Wellness International Network, Ltd. v. Sharif*,[12] the United States Supreme Court clarified that with respect to a non-core matter, a bankruptcy court may either issue proposed findings and conclusions for the district court or hear and render a final judgment by consent: "[a]bsent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*."[13] Obviously if a bankruptcy court has the power to adjudicate non-core claims with consent, the district court's subject matter jurisdiction cannot be denied. Indeed, if this complaint survives the second ground for dismissal raised by Panthers, the other option available to Panthers is to

---

[11] *See In re Galaz*, 765 F.3d 426 (5th Cir. 2014) (citing *Waldman v. Stone,* 698 F.3d 910, 919 (6th Cir.2012), *cert. denied,* 133 S.Ct. 1604 (2013)).

[12] *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932 (2015).

[13] *Wellness International,* 135 S.Ct. at 1940.

request a trial by jury. Regardless of how this litigation plays out after this ruling, dismissal under F.R.C.P. 12(b)(1) is unwarranted because federal subject matter jurisdiction exists here.[14]

### Dismissal under F.R.C.P. 12(b)(6)

Panthers also seeks dismissal under F.R.C.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted.[15] The Fifth Circuit in *Burback v. Brock*[16] recently articulated how a plaintiff may defeat such a motion:

> To survive such a motion, a complaint must allege enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, the complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Conclusory statements or " 'naked assertion[s]' devoid of 'further factual enhancement' " are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint pleading facts "that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.[17]

---

[14] The court notes that a jury demand would trigger a motion to withdraw the reference. Although district courts often allow the matter to remain in the bankruptcy court for resolution of pretrial and discovery matters, these decisions are not before the court now. *See Schott, Trustee for Estate of InformMD, LLC v. Massengale,* 618 B.R. 444, 452 (M.D. La. 2020); *Trahant v. Mintz*, 2023 WL 5225010, at *4 (E.D. La. 2023).

[15] *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.,* 147 F. Supp. 3d 537, 551 (E.D. La. 2015) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)).

[16] *Burback v. Brock*, No. 22-40609, 2023 WL 4532803 (5th Cir. July 13, 2023).

[17] *Burback*, 2023 WL 4532803, at *3.

Luxe alleges that Quick Funding and Panthers are a "single business enterprise" because:

1) The Chief Executive Officer ("CEO") and managing member of Quick, Benjamin Isaacov a/k/a Binyamin Yitzchakov (collectively, "Mr. Isaacov"), is also the CEO of Panthers.[18]

2) Mr. Isaacov used his Panthers email address and signature block when dealing with Luxe.[19]

3) Panthers and Quick Funding have the same address[20] and same registered agent.[21]

4) Luxe received requests for payment from Mr. Isaacov, using his Panthers email, and by text from Eddie Torres, the Vice President of Panthers.[22]

The parties disagree as to which state's laws on "single business enterprise" apply. Luxe focused on "single business enterprise" theory under Louisiana law in its briefing but Panthers contends that the law of the state where Panthers and Quick Funding were organized, New York, controls.

In *Matter of First River Energy, L.L.C.*,[23] the Fifth Circuit found, "[T]he Bankruptcy Code … provides no method for resolving conflicts of law, and '[t]]his circuit has not determined whether the [federal] independent judgment test or the forum state's choice-of-law

---

[18] Complaint, P-1, p. 7-8.

[19] Complaint, P-1, p. 7-8.

[20] Complaint, P-1, p. 7-8.

[21] Complaint, P-1, p. 8.

[22] Complaint, P-1, p. 9-10.

[23] *Deutsche Bank and Trust Co. Americas v. U.S. Energy Dev. Corp. (Matter of First River Energy, L.L.C.),* 986 F.3d 914, 923–24 (5th Cir. 2021).

rules should be applied in bankruptcy.'"[24] In *First River Energy*, the Fifth Circuit found it unnecessary to decide which law applied because both bodies of law in question (Texas law and federal law) resulted in the same outcome.

In the case at bar, whether this court applies Louisiana or New York law, the result is the same. In *AEG Liquidation Trust v. Toobro N.Y. LLC*,[25] the New York Supreme Court was faced with an allegation that two businesses were alter egos because they operated as a single business.[26] The court found:

> Factors to be considered include the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership, officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the allegedly dominated corporation; whether dealings between the entities are at arm's length; whether the corporations are treated as independent profit centers; and the payment or guaranty of the corporation's debts by the dominating entity.[27]

The factors enumerated by the New York Supreme Court are strikingly similar to those set forth by the court in *Green v. Champion Ins. Co.*[28] Despite being a circuit opinion, *Green* is universally regarded as the seminal case for establishing the factors to consider in "single business enterprise" cases under Louisiana law. Those factors are:

---

[24] *First River Energy*, 986 F.3d at 923-24 (quoting *MC Asset Recovery LLC v. Commerzbank A.G. (In re Mirant Corp.)*, 675 F.3d 530, 536 (5th Cir. 2012)).

[25] *AEG Liquidation Trust v. Toobro N.Y. LLC*, No. 650680/10, 2011 WL 2535035 (N.Y. Sup. Ct. June 24, 2011).

[26] *AEG Liquidation Trust,* 2011 WL 2535035, at *7.

[27] *AEG Liquidation Trust,* 2011 WL 2535035, at *12 (citing *Fantazia Intl. Corp. v. CPL Furs NY, Inc.,* 67 A.D.3d 511, 512, 889 N.Y.S.2d 28 (N.Y .App. Div. 1st Dep't 2009)).

[28] *Green v. Champion Ins. Co.,* 577 So. 2d 249 (La. Ct. App. 1st Cir.1991), *writ denied*, 580 So.2d 668 (La. 1991).

1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;

2. common directors or officers;

3. unified administrative control of corporations whose business functions are similar or supplementary;

4. directors and officers of one corporation act independently in the interest of that corporation;

5. corporation financing another corporation;

6. inadequate capitalization ("thin incorporation");

7. corporation causing the incorporation of another affiliated corporation;

8. corporation paying the salaries and other expenses or losses of another corporation;

9. receiving no business other than that given to it by its affiliated corporations;

10. corporation using the property of another corporation as its own;

11. noncompliance with corporate formalities;

12. common employees;

13. services rendered by the employees of one corporation on behalf of another corporation;

14. common offices;

15. centralized accounting;

16. undocumented transfers of funds between corporations;

17. unclear allocation of profits and losses between corporations; and

18. excessive fragmentation of a single enterprise into separate corporations.[29]

---

[29] *Green,* 577 So.2d at 257-58.

Because the factors are similar under New York and Louisiana law and will result in the same outcome here, it is unnecessary to decide which state's law applies.

In support of its Motion to Dismiss, Panthers cited *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*[30] for the proposition that Luxe has failed to state a claim upon which relief can be granted. *In Andretti*, the court found that the complaint did not include factual support for the allegations regarding unified control in the companies.[31] The court also found that the only factor sufficiently pled was that the companies had some common officers, directors, and employees. However, the court found that to be irrelevant because one of the companies was a non-profit run 100% by unpaid volunteers, so it was "not a case where one corporation was paying the salaries of another corporation's employees."[32]

The case at bar is distinguishable from *Andretti* in that Luxe has alleged several specific facts supporting the following factors enumerated in *Green* as indicating a "single business enterprise": (a) common director or officer, (b) common employee, (c) common office, and (d) services rendered by an employee of one entity on behalf of another.

Taking the facts as pled in the complaint as true, as the court must at this stage, Luxe has stated a claim that Quick Funding and Panthers are a "single business enterprise" that would be liable for any money judgment rendered on the avoidance counts.

---

[30] *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.,* 147 F. Supp. 3d 537 (E.D. La. 2015).

[31] *Andretti*, 147 F. Supp. 3d at 558.

[32] *Andretti*, 147 F. Supp. 3d at 560-61.

**Conclusion**

Panthers' Motion to Dismiss filed under F.R.B.P. 12(b)(1) and (6) is denied. The court will enter a separate order.

Baton Rouge, Louisiana, September 6, 2023.

**s/ Michael A. Crawford**
MICHAEL A. CRAWFORD
UNITED STATES BANKRUPTCY JUDGE
